BARTHEL *v.* CRIPPEN.

EQUITY—SPECIFIC PERFORMANCE—CONTRACTS — PATENTS— INCON-
SISTENT. CLAIMS—NEWLY DISCOVERED EVIDENCE—REMANDING.

    On a bill to establish an interest in certain patents, evidence
    of an interference case pending in the Federal patent office
    examined, and *held,* to be so inconsistent with complainant's
    claim as to justify a remanding of the record to the trial
    court for consideration in connection with the evidence in
    said interference case.

Appeal from Wayne; Brooke, J. Submitted Novem-
ber 17, 1908. (Docket No. 115.) Decided March 16, 1909.

Bill by Otto F. Barthel against George F. Crippen and
Lewis Crippen for the specific performance of a contract
and to establish an interest in certain letters patent.
From a decree for complainant, defendants appeal. Re-
versed, and remanded.

*Henry C. L. Forler,* for complainant.

*Lee N. Brown (John P. Kirk,* of counsel), for defend-
ants.

MONTGOMERY, J. This bill is filed by the complainant
to obtain a decree declaring him entitled to a one-half in-
terest in certain letters patent issued to the defendant
George F. Crippen, and to the improvements made
thereon. The bill alleges that the defendant is the owner
of United States letters patent No. 753,370, dated March
1, 1904, and Canadian letters patent No. 92,058, dated
March 14, 1905, and various other applications for letters
patent of the United States serial No. 280,242, filed Sep-
tember 26, 1905, and a certain other application for let-
ters patent of the United States, the serial number and
date of filing of which is unknown to the complainant.
The bill avers that in February, 1906, complainant en-
tered into a verbal agreement with the defendant, which,

briefly stated, was that the complainant was to advance
an amount of money up to the sum of $2,500, and develop
and construct a patent bean picker which was the inven-
tion covered by the letters patent in controversy, and to
enlist the services of a competent engineer and draftsman
to devise and get out new designs and new working
drawings, tracings, blue prints, etc., and that in consider-
ation of this advance the machines which were to be man-
ufactured by the use of this money were to be placed
upon the market and the parties were to share equally in
the profits, and that in addition to that, the complainant
was to receive an assignment of a one-half interest in the
patents and improvements to be made thereon.   The
answer of the defendant denies in toto the claim of the
complainant that he was to have any interest in the pat-
ent, and avers, on the contrary, that complainant agreed
to build 10 machines under the patents described, and
that said 10 machines were not to exceed in cost the sum
of $2,500, or $250 each, and that defendant undertook to
sell said machines at $600 each during the season of 1906,
and that out of the gross sum so received complainant
was to be repaid his $2,500, and money advanced at the
rate of $5 per day to the defendant to pay his expenses on
the road in perfecting and selling the machines, the net
proceeds of $3,500 thus to be made to be divided equally,
and the cost of making the patterns was to be taken out
of defendant's share of $3,500 or thereabouts in addition
to the $5 per day hereinbefore mentioned.   It is alleged
by the bill that after the parties had entered upon the per-
formance of the agreement the defendant took possession
of certain drawings which were being used in the con-
struction of the machine, and took them away and re-
fused to return them, and interfered with the completion of
the contract by the complainant, who had done, and was
doing, all that could be done in the performance of his
contract.   The answer denies that complainant was en-
titled to the possession of the drawings, and avers that
they belonged to the defendant at all times.   The bill

also sets out that the defendant George F. Crippen made a pretended assignment of the patents in question to Lewis Crippen, his codefendant, who purchased the same with full knowledge of the contract between his codefendant and complainant, and was not entitled to any greater rights in the patent than the defendant George F. Crippen would have had were it not for the assignment. The case was heard upon testimony taken in open court, and a decree entered that the complainant was entitled to and owned an undivided one-half interest in the inventions, letters patent, applications, and any and all improvements. The defendants appeal to this court.

Since the case was appealed, a motion has been made to remand the case (154 Mich. 499), for the purpose of taking testimony showing that George F. Crippen had filed an application in the United States patent office covering an improvement upon the original bean picker covered by the letters patent named in the bill, and that one Oliver E. Barthel, a brother of complainant, had filed an interference, which is still pending in the patent office, and that in such interference the complainant, Otto F. Barthel, was one of the attorneys representing said Oliver E. Barthel, and that the position taken by him in that interference case was wholly inconsistent with the testimony which he gave on the trial of the present case. It appears that in the interference case complainant made an affidavit referring to the present case, in which he stated that the subject-matter of the present case was to enforce a contract relation between himself and Crippen concerning certain patents, and does not concern in any way the parties to this interference nor the subject-matter thereof.

Turning to the record in the present case, we find that the complainant testified that before concluding his arrangement with defendant he spoke to his brother, Oliver E. Barthel, and in answer to the question, " And then what final agreement did your minds meet upon?" answered:

" Now I told him this, I says, that machine cannot be

built for $250 after including the cost of design. I said if that is the case, I will furnish 10 times $250 or $2,500, up to that amount, as needed, and furnish the designing of them, my brother getting out the designs for the machine. * * * He was to give me a half interest in the patent and improvements, and also half of all the profits in the business, and he was to advance money equal with me after the $2,500 had been exhausted."

Oliver E. Barthel was a witness in the present case, and testified about the alleged agreement between the complainant and the defendant, supporting his brother in the main, and in answer to the question, "What arrangement was made as to the designing of these machines that were to be constructed," replied:

"Well, the designing was included; that is, on account of taking off the $500, my brother agreed to have me design the machines, instead of furnishing $3,000 as originally agreed upon or talked about."

He also testified that at that time Mr. Crippen had nothing, except he told witness what he wanted, and showed him a circular that he had of his old machine, which circular shows a cut of a vertical arm machine. Witness further stated that Crippen told him he wanted to make a horizontal roller machine with a central drive; that he did not exactly remember the details that they talked about. He further testified that during the time he was designing this machine Mr. Crippen gave him some drawings, and produced the drawings. He stated that he made some changes in this drawing, which appeared on the drawing itself.

It is obvious that the claimed contract of the complainant in this case with the defendant established such relations between the two that Oliver E. Barthel was in the employ of the two parties to the contract, and that the agreement to design and assist in the construction of the machine which the parties were to own in common should preclude both him and the complainant from claiming that such design was an original invention which would

render less valuable the invention of the defendant. In the brief of complainant it is stated:

"The new and improved machine of the horizontal type, which had been constructed, had been designed and devised by Oliver E. Barthel, and on the 12th of November, 1906, after the defendant Crippen had entirely repudiated his contract, Oliver E. Barthel made application for patent covering the improvements of which he claimed to be the inventor. An interference resulted from these two applications, involving only the question of priority as between Oliver E. Barthel and George W. Crippen as to the improvements, and is now being tried out in the patent office at Washington. This interference is entirely separate and distinct from the contract entered into between the complainant, Otto F. Barthel, and George F. Crippen."

We cannot accept this view. It is obvious from the testimony of Oliver E. Barthel in this case that the suggestion of a modification of the machine covered by defendant's letters patent to a horizontal machine came from Crippen himself, and that the relations of the parties were such that had the copartnership alleged been carried out, Oliver E. Barthel would not have been entitled to claim the invention as against his employers. The testimony of this interference would at least have a bearing upon the question of what the decree should be. It may, upon consideration by the trial court, be deemed to have a broader significance, and bear upon the question of the credibility of the witnesses in the case.

The application for leave to remand the case was reserved until the hearing. It has now had full consideration in connection with the record and briefs in the original case, and we conclude that the rights of the parties will be best served by an order remanding this record, with leave to the defendants to put in the further testimony asked for in their petition, and with leave to complainant to reply thereto. The costs, as upon a motion, will be awarded to the defendants.

BLAIR, C. J., and GRANT, OSTRANDER, and BROOKE, JJ., concurred.