## WRIGHT v. HOUDAILLE-HERSHEY CORPORATION.

1. EQUITY—MOTION TO DISMISS.

On motion to dismiss a bill of complaint, all well-pleaded allegations of fact in the bill must be taken as true.

2. SAME—JURISDICTION—SPECIFIC PERFORMANCE—CONTRACT TO ASSIGN—PATENTS.

Where plaintiff had agreed to further the commercial exploitation of defendant inventor's inventions in return for latter's assignment to him of certain inventions for which patents had been granted and others applied for and defendant corporation had obtained assignments of patents from inventor, it was within the jurisdiction of a court of equity to prevent the corporate defendant from inducing the inventor to violate his contract with plaintiff and to compel the assignment of the patents theretofore assigned to it by the inventor and to compel specific performance of the contract against such corporate defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am. Jur., Equity, § 316; 41 Am. Jur., Pleading, § 332.
[2] 49 Am. Jur., Specific Performance, §§ 129, 148.
[2, 5-7] Patents and inventions, specific performance of contracts relating to. L.R.A.1918E, 597, at p. 617.
[3] 49 Am. Jur., Specific Performance, §§ 134, 135.
[3] Specific performance of contract for services. 135 A.L.R. 279.
[4] 49 Am. Jur., Specific Performance, §§ 170, 171.
[5] 49 Am. Jur., Specific Performance, § 129.
[6, 7] 49 Am. Jur., Specific Performance, §§ 147, 148.
[7] 49 Am. Jur., Specific Performance, § 129.

3. Specific Performance—Contract for Personal Services Involving Special Knowledge and Skill.

Provisions of a contract requiring personal services involving special knowledge and skill are not enforceable by a decree for specific performance.

4. Same—Partial Relief.

If a plaintiff chooses to seek partial relief by way of specific performance of a contract, a court of equity may not deny it on the ground that other relief may not be granted.

5. Patents—Contract for Assignment—Consideration—Mutuality of Obligations and Remedies.

There is no lack of consideration nor a lack of mutuality of obligations and remedies under a contract providing for transfer of applications for patents, in consideration of exploitation and payment of royalties.

6. Specific Performance—Mutuality of Obligations—Assignee of Contractor with Plaintiff.

It is not essential to the granting of relief against a corporate defendant from whom plaintiff sought to compel assignment of patents that had been assigned to it by defendant inventor with whom plaintiff had an agreement for assignment of such patents, that there be contractual relations or mutuality of obligations between such defendant and plaintiff.

7. Equity—Jurisdiction—Assignment of Patents.

Suit whereby plaintiff sought to restrain corporate defendant from inducing defendant inventor from further interference with carrying out of contract between plaintiff and the inventor for assignment to plaintiff of existing patents, patents applied for and patents to be applied for and to compel assignment to plaintiff by defendant corporation of patents it had acquired from the inventor was peculiarly within the province of the chancery court where the rights of all parties could be adjudicated in one proceeding.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 16, 1948. (Docket No. 68, Calendar No. 43,954.) Decided April 5, 1948.

Bill by Walter F. Wright against Houdaille-Hershey Corporation, a Michigan corporation, and Edward D. Dall, to enjoin corporate defendant from persuading other defendant to violate a contract, to

compel an assignment of patents and for damages. Bill dismissed. Plaintiff appeals. Reversed and remanded for hearing.

*Dickinson, Wright, Davis, McKean & Cudlip (Max L. Veech* and *William G. Lerchen, Jr.,* of counsel), for plaintiff.

*Beaumont, Smith & Harris,* for defendant Houdaille-Hershey Corporation.

*Leon D. Ratcliffe,* for defendant Dall.

BOYLES, J. Plaintiff appeals from an order dismissing his bill of complaint filed in the circuit court for Wayne county in chancery, on motions made by the defendants. Under such circumstances all well-pleaded material allegations of fact in the bill of complaint must be taken as true.

The plaintiff Wright and the defendant Dall are residents of Detroit. The defendant Houdaille-Hershey Corporation is a Michigan corporation with its place of business in Detroit. On March 3, 1934, the plaintiff and the defendant Dall entered into an agreement reciting that whereas Dall was the inventor of certain improvements in door-locking and window-operating mechanisms for automobiles for which he had filed applications for letters patent, series Nos. 513,297 and 655,180, "and has filed and may file in the future still other applications for other inventions for the same purpose or for improvements thereon or modifications therein," it was therefore agreed that:

"In consideration of the agreement, covenants, undertakings and promises of the parties hereto, each with and to the other, as hereinafter provided for, and other good and valuable consideration," the

prior agreements were terminated and cancelled, "except as hereinafter provided."

Dall then further agreed that: "In consideration of $1 to him in hand paid, * * * and other good and valuable consideration," he would execute and deliver to Wright, whenever requested, any and all assignments and documents necessary to vest in Wright the entire right, title and interest in any applications for letters patent which Dall had already filed or might thereafter file or acquire, for inventions and improvements in door-locking and window-operating devices for automobiles.

There were many further provisions in the agreement, such as payment of royalties to Dall, granting of licenses, commercial exploitation, et cetera. About a year later a supplemental agreement was entered into regarding the purchase of additional patents, and further services by Dall in furtherance of commercial exploitation of the inventions.

The plaintiff at all times fully performed his obligations under the agreements, devoted more than five years on a full-time basis, without compensation, to the exploitation of the patents, paid out more than $32,000 for such promotion, the filing and obtaining of patents and protecting their interests against claims, and paid Dall more than $10,000 under their agreements. Plaintiff admits that from the time the agreements were entered into until sometime in 1945 Dall fully carried out his obligations, that during that time Dall made many new improvements in door-locking and window-operating devices for automobiles, and assigned some 15 patent applications to plaintiff in accordance with their agreements. And the bill alleges that if it had not been for the unlawful acts of the defendant Houdaille-Hershey Corporation, Dall would have continued to perform his obligations.

At least as far back as 1940, the defendant Houdaille-Hershey Corporation had full notice and knowledge of the agreements between the plaintiff and Dall, and their respective rights and obligations thereunder. In 1945, or sometime prior thereto, the Houdaille-Hershey Corporation "embarked upon a course of conduct" designed and intended to induce Dall to violate his agreements with plaintiff and to assign to Houdaille-Hershey Corporation any applications for inventions Dall might make with respect to door-locking devices for automobiles and the like, solicited Dall to refuse to assign any such patent applications to the plaintiff but to assign the same to the Houdaille-Hershey Corporation, agreed with Dall to defray his expenses if plaintiff started proceedings against him, and as a result Dall breached his agreements with the plaintiff. Dall recently invented a certain door lock for automobiles known to plaintiff as the "Ford lock," designed to do the same work as the devices in patents already assigned by Dall to the plaintiff, for which "Ford lock" patent applications had been made but had not been assigned to plaintiff. Dall refused to assign them to plaintiff, but assigned the same to the Houdaille-Hershey Corporation, and it refused to assign the same to the plaintiff. Dall had also recently invented a two-door locking system for automobiles, for which applications for patents had been filed, but Dall refused to assign them to the plaintiff and has assigned the same to the Houdaille-Hershey Corporation. Plaintiff alleges that other door-lock drawings and inventions had been made by Dall, applications for patents filed by him and assigned to the Houdaille-Hershey Corporation, which the corporate defendant refused to assign to the plaintiff. The bill asks that the Houdaille-Hershey Corporation be required to assign to plaintiff all its right, title and interest in the said inventions and appli-

cations for patents, and to be enjoined from attempting to induce Dall to violate his agreements with plaintiff or from selling, transferring or encumbering the said applications for patents; and for the damages sustained by the plaintiff.

The defendants filed separate motions to dismiss the bill of complaint. Both claimed that there was a lack of consideration for the agreements between plaintiff and Dall, that a bill for specific performance of the agreements would not lie because there was no mutuality of obligations, that plaintiff had an adequate remedy at law, and was guilty of laches barring equitable relief. The trial court granted the motions to dismiss, on the grounds that there was a lack of mutuality of obligations and remedies, that the contracts required personal services on the part of Dall which were incapable of enforcement by specific performance, and mainly on the ground that the plaintiff has an adequate remedy at law.

The relief which the plaintiff seeks to obtain against the defendant Houdaille-Hershey Corporation is to prevent said defendant from making further attempts to induce or persuade Dall to violate his agreements with the plaintiff, and to compel said corporate defendant to assign to the plaintiff all right, title and interest in the inventions and in the applications for patents on door-locking devices for automobiles, which have been transferred to it by Dall. As to that, we are of the opinion that the plaintiff should be allowed his day in a court of equity to determine whether Houdaille-Hershey Corporation acquired such interests in bad faith and with full notice of plaintiff's rights under his contracts with Dall. Such contracts might be specifically enforceable against the corporate defendant. *Detroit Lubricator Co.* v. *Lavigne,* 151 Mich. 650; *Barthel* v. *Crippen,* 162 Mich. 150; *Zagelmeyer* v. *Laughray Concrete Brick Co.,* 169 Mich. 589.

As to the defendant Dall, there are some provisions of the agreements between plaintiff and Dall which are not enforceable by a decree for specific performance in a court of equity, particularly for personal services to be performed by Dall involving special knowledge and skill. *Sword* v. *Aird,* 306 Mich. 14. But there are provisions in the agreements between plaintiff and Dall which may be specifically enforced, and as to which the plaintiff would not have an adequate remedy at law. If the plaintiff chooses to seek partial relief, a court of equity may not deny it on the ground that other relief may not be granted. *White Marble Lime Co.* v. *Consolidated Lumber Co.,* 205 Mich. 634. As to the agreements to transfer applications for patents, in consideration of exploitation and payment of royalties, there was no lack of consideration nor a lack of mutuality of obligations and remedies. *Nichols, Shepard & Co.* v. *Marsh,* 61 Mich. 509. See, also, *Detroit Lubricator Co.* v. *Lavigne, supra; Barthel* v. *Crippen, supra.* It is not essential to the granting of relief against the Houdaille-Hershey Corporation that there be contractual relations or mutuality of obligations between said defendant and the plaintiff here. *Digby* v. *Thorson,* 319 Mich. 524.

This is a case peculiarly within the province of the chancery court where the rights of these parties may be adjudicated in one proceeding and decree entered accordingly. The order of dismissal is set aside and the case remanded for hearing on the merits, with costs of this Court to appellant.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.