ZERFAS *v.* EATON COUNTY DRAIN COMMISSIONER.

1. EQUITY—MOTION TO DISMISS—PLEADING—RELIEF.
   In passing upon a defendant's motion to dismiss plaintiff's bill of complaint, the court can consider only the well-pleaded allegations of the bill and the relief sought.

2. SAME—MOTION TO DISMISS—WELL-PLEADED MATTERS TAKEN AS TRUE.
   On motion to dismiss, all well-pleaded matters in the bill of complaint must be taken as true.

3. SAME—MOTION TO DISMISS—PLEADING—RELIEF.
   Generally the test of a motion to dismiss a bill of complaint is determined by whether or not the well-pleaded allegations of the bill, accepted as true, entitle the plaintiff to the relief prayed.

4. SAME—MOTION TO DISMISS—RES JUDICATA.
   Where, as between parties litigant, at the hearing of a motion to dismiss a bill of complaint, it is established that the issues presented by the pleadings are *res judicata,* the motion, based on that ground, should be granted (Court Rule No 18[3] [1945]).

5. JUDGMENT—RES JUDICATA—LAKE LEVEL—DAM AT OUTLET OF LAKE—NOTICE BY PUBLICATION—PARTIES—SUBJECT MATTER.
   In suit to enjoin county drain commissioner from constructing a dam at outlet of a lake, defendant's motion to dismiss was properly granted on ground of *res judicata,* where it appears that in a previous proceeding for the determination of the normal level of such lake that notice by publication, as provided by statute, had been given, plaintiffs herein, except in-

REFERENCES FOR POINTS IN HEADNOTES
[1-5]  41 Am Jur, Pleading, §§ 330-333.
[4, 5]  30 Am Jur, Judgments, § 172.
[7, 8]  39 Am Jur, Parties, §§ 57, 59.
[9]  14 Am Jur, Costs, § 92.

tervenors, were then before the court, and there was a determination of same issues, necessarily including the constitutionality of the statute under which the lake level proceedings were conducted (CL 1948, § 281.101 *et seq.*).

6. SAME—MANDAMUS—COLLATERAL ATTACK—PARTIES.
   A decree of the Supreme Court, dismissing writ of mandamus by circuit court compelling county drain commissioner to construct a dam at a lake outlet, will not be granted where to do so would be a collateral attack on the final adjudication of another judicial proceeding between persons other than the parties to this suit.

7. PARTIES—INTERVENTION—DISCRETION OF COURT—SUBORDINATION TO MAIN PROCEEDING.
   The statutory provision for intervention in a pending suit in equity is not mandatory but embodies a measure of discretion in the court to which the application is made, and when granted, the intervention is in subordination to, and in recognition of, the propriety of the main proceeding (CL 1948, § 612.11).

8. SAME—MOTION TO DISMISS—INTERVENTION.
   Where trial court's order, dismissing plaintiffs' bill of complaint on ground of *res judicata,* is upheld by the Supreme Court, the trial court's denial of a petition to intervene was not error, since intervention is in subordination to main proceeding.

9. COSTS—AFFIRMANCE OF ORDER DISMISSING BILL—DROPPED PARTIES.
   Upon affirmance of decree dismissing bill of complaint, costs are allowed against plaintiffs and appellants except one person who was dropped as a plaintiff in the suit.

Appeal from Eaton; McDonald (Archie D.), J. Submitted October 7, 1949. (Docket No. 51, Calendar No. 44,525.) Decided January 9, 1950.

Bill by John Zerfas and others against Jay Bills, Eaton County Drain Commissioner, for injunction restraining the erection of a dam at the outlet of Narrow Lake. Willard O. Bienz and wife denied

right to intervene. Decree for defendant. Plaintiffs and intervenors appeal. Affirmed.

*Rosslyn L. Sowers* and *George W. Watson,* for plaintiffs.

*Herbert C. Winsor,* for intervening plaintiffs.

*Robert C. Carr* and *Burton G. Cameron,* for defendant.

NORTH, J.   Plaintiffs by their bill of complaint seek to have defendant Jay Bills, Eaton county drain commissioner, "perpetually" enjoined from erecting a dam at the outlet of Narrow lake, a public inland lake, located in Brookfield township, Eaton county.   Plaintiffs in their bill of complaint base their right to relief upon the contention that PA 1939, No 194, is unconstitutional.   CL 1948, § 281.101 *et seq.* (Stat Ann 1947 Cum Supp § 11.221 *et seq.*). Defendant moved for dismissal of the bill of complaint on grounds among which is the following:

"That all issues set forth in said bill of complaint and relief prayed for have been determined and adjudicated by the circuit court for the county of Eaton, said cause being entitled: 'In the Matter of the Petition of the County Board of Supervisors for Eaton County, Michigan, and the Conservation Commission of the State of Michigan, for Determination of the Normal Height and Level of Narrow Lake, Eaton County, Michigan,' same being Docket #7109, in which proceedings all parties plaintiff herein were duly and properly served with notice or appeared by certain attorneys and took part in said proceedings and hence the present bill of complaint sets forth issues that are *res judicata.*"

Plaintiffs, all of whom excepting Mr. and Mrs. Bienz were before the court in the above proceed-

ings, are the owners of separate parcels of improved and highly productive land located southeast of Narrow lake. By proceedings, the regularity and finality of which are not now questioned by appellants, a decree was entered in the circuit court of Eaton county on May 14, 1945, whereby the normal height or level of Narrow lake was fixed at 917.64 feet above sea level. There was no appeal taken from that decree. Thereafter in proper statutory proceedings by the Eaton county board of supervisors the defendant drain commissioner was directed to cause to be constructed a dam at the outlet of Narrow lake which would maintain the water level of the lake at 917.64 feet above sea level. Seemingly owing to inaction on the part of the drain commissioner interested parties instituted a mandamus proceeding in the circuit court of Eaton county, which on April 18, 1948, resulted in the issuance of a mandamus to compel the drain commissioner to proceed with the construction of the dam. There was no appeal. In their bill of complaint plaintiffs allege "that acting under the authority of said writ of mandamus aforesaid that he (the drain commissioner) will proceed to the construction of said dam heretofore referred to unless restrained by the injunction of this Court." And plaintiffs further allege that if said dam is so constructed it will result in setting back the waters of Narrow lake and in overflowing their lands not only to their great personal damage but to the injury of public health and welfare affecting an area "in the approximate amount of 3,000 acres, which said lands would be rendered useless and unsuitable for agriculture purposes and would amount in damages to the approximate amount of $300,000 and more."

Appellants' claim for relief, as sought in their bill of complaint, clearly seems to be the perpetual enjoining of defendant from the construction of the

dam on the ground that the statute (PA 1939, No 194 [CL 1948, § 281.101 *et seq.* (Stat Ann 1947 Cum Supp § 11.221 *et seq.*)]), under which the action was taken which resulted in ordering the construction of the dam, is unconstitutional in that it provides for taking private property without due process of law. But the position taken by appellants in their brief on this appeal is materially different from that in their bill of complaint. This appears from the following quoted from their brief:

"There is no question but that the finding of the lower court determining the normal height and level of Narrow lake to be 917.64 feet above sea level is *res judicata.* * * *

"These plaintiffs admit that the act, itself, provides for an appeal by an aggrieved party from the order of the lower court determining the normal height and level of an inland lake. They likewise admit that they, themselves, are foreclosed now from an attack upon the determination of the court in the earlier proceeding that the normal height and level of Narrow lake is 917.64 feet above sea level. * * * The plaintiffs in this case are not in any way attempting to upset the holding of the lower court in either of the cases mentioned (*i.e.,* fixing the level of the lake or the mandamus proceeding). They are seeking the right to show that their property will be injured by the erection of a dam to establish the normal height and level of Narrow lake as determined by the court, and to compel the drain commissioner of Eaton county to refrain from building such a dam, *until they have been compensated for such damages.*"

In asserting their right to such relief appellants rely upon the provision in the Michigan Constitution that: "Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or

secured in such manner as shall be prescribed by law." Const 1908, art 13, § 1.

Our review of this record brings the conclusion that plaintiffs did not by their bill of complaint seek "to compel the drain commissioner of Eaton county to refrain from building such a dam, *until they (plaintiffs) have been compensated for such damages.*" Instead their claim to relief as asserted in the bill for a perpetual injunction is grounded on the contention that the statutory provision under which the court acted in fixing the lake level is unconstitutional. The constitutionality of that statute of necessity was involved in the lake level proceedings. As just above noted, plaintiffs admit that they "are foreclosed now from an attack upon the determination of the court" in the lake level proceedings. Instead their brief asserts that the relief they seek is an injunction "to compel the drain commissioner * * * to refrain from building such a dam, until they have been compensated for such damages." But that is not the relief sought in the bill of complaint, which does not contain a prayer for general relief. It should also be noted that plaintiffs have not sought to amend their bill of complaint except as to the prayer for relief in a particular which does not materially affect decision herein. In substance the amendment to their prayer for relief made by plaintiffs was that on final hearing the court decree that "there never was, nor has been, a legal determination by said court, nor by the board of supervisors of said county of Eaton, or (of) a necessity for the taking of private lands, or the lands of the plaintiffs herein."

In passing upon defendant's motion to dismiss plaintiffs' bill of complaint, the court could consider only the well-pleaded allegations of the bill and the relief sought. As often stated, on such motions all well-pleaded matters must be accepted as true.

*Wright* v. *Houdaille-Hershey Corp.,* 321 Mich 21. Quite generally the test of granting or denying the motion to dismiss is: Do the well-pleaded allegations of the bill, accepted as true, entitle the plaintiff to relief prayed? But if, as between the parties litigant, the hearing of the motion to dismiss establishes that the issues presented by the pleadings are *res judicata,* the motion based on that ground should be granted. (Court Rule No 18 [3] [1945].)

Defendant's motion to dismiss in part is based on the ground: "That the rights of the plaintiffs herein as set forth in said bill of complaint were settled, adjudicated and determined in" the lake level proceedings. It was primarily on the ground of *res judicata* that the trial court dismissed plaintiffs' bill of complaint. In his opinion the circuit judge said:

"In the instant case, the plaintiffs' bill of complaint is based on the theory that the statute under which the lake level suit was brought is unconstitutional: First, because it takes property without due process of law; and second, that the judgment would result in damages to the lands of plaintiffs in this cause. * * *

"The court is therefore of the opinion that the motion to dismiss should be granted, as the identical issue and the same parties (as in the lake level suit) are before the court, except as to defendant Jay Bills, drain commissioner. However, under the statute, as above indicated, he is acting for and in behalf of the board of supervisors, therefore his interest is that of the board of supervisors (plaintiffs in the lake level suit)."

As to the same parties being before the court, the trial judge seems to have had in mind, although he did not so state, that the lake level proceedings to some extent were in the nature of an action *in rem* and the statute provides the character of service of process or notice required, as follows:

"Upon receipt of any such petition, the court shall fix a day of hearing, shall direct the prosecuting attorney and/or the conservation commission, or both, in the event of joint action, to give notice thereof by publication in 1 or more newspapers of general circulation in said county (where the lake is located). * * * Said notice shall be published at least once each week for 6 successive weeks prior to the date fixed for such hearing. Said court shall also direct that copies of the published notice of hearing shall be served by registered mail upon all the owners of record of lands abutting or touching on said lake, said notices to be mailed at least 3 weeks prior to the date set for hearing." CL 1948, § 281.103 (Stat Ann 1947 Cum Supp § 11.223).

It is not contended that there was failure in the lake level case to comply with the statutory requirements touching the matter of service; and all of the parties plaintiff (excepting Willard O. Bienz and Mildred Bienz) in the instant case were before the court on the hearing of the petition to fix the lake level. The decree entered in that proceeding, from which decree no appeal was taken, was a final adjudication of the right to construct the dam at the outlet of Narrow lake. Necessarily the constitutionality of the cited statute was involved. See *Dodge v. Detroit Trust Co.* (syllabus 31), 300 Mich 575, 581. It follows that such adjudication is a complete defense as a matter of *res judicata* to the issues presented by the bill of complaint in the instant case, and that plaintiffs herein could not be decreed the relief sought—*i.e.,* that the drain commissioner be perpetually enjoined from constructing such dam.

Plaintiffs' prayer "that a decree be entered in this Court dismissing said writ of mandamus issued to the said Jay Bills as drain commissioner" (noted earlier herein) cannot be granted because in that respect the instant suit would be a collateral attack

on the final adjudication of another judicial proceedings between persons other than the parties to this suit.

After defendant's motion to dismiss the bill of complaint was filed (July 23, 1948), Willard O. Bienz and Mildred Bienz filed a petition on September 28, 1948, to intervene in the instant case as parties plaintiff, they being owners of land which they alleged in their petition would be affected in like manner as those of plaintiffs. The motion to dismiss and the petition to intervene were heard and decided simultaneously. The petition to intervene was denied and such denial is urged as error on this appeal. The statutory provision for intervention is not mandatory, but instead the provision embodies a measure of discretion in the court to which the application is made. *School District of the City of Ferndale* v. *Royal Oak Township School District No. 8,* 293 Mich 1. The pertinent portion of the statute reads:

"In an action either at law, or in equity, anyone claiming an interest in the litigation *may,* at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." CL 1948, § 612.11 (Stat Ann § 27.663).

In view of our holding, as well as that of the trial judge, that plaintiffs' bill of complaint should be dismissed, denial of this petition for intervention did not constitute error.

The decree entered in the circuit court is affirmed, with costs against appellants, except William Hoag, who was dropped as a plaintiff in this suit.

REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred. BOYLES, C. J., did not sit.