NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0404n.06

No. 10-1139

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 20, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| FRANK VAN WULFEN, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| COUNTY OF MONTMORENCY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: NORRIS, ROGERS, GRIFFIN, Circuit Judges.

ROGERS, Circuit Judge. This claim arose in response to state court proceedings in Montmorency County setting the lake level for Avery Lake, pursuant to Mich. Comp. Laws §§ 324.30701-.30721, at 890.3 feet above sea level during the winter months and 891.3 feet during the summer months. In setting that lake level, the state court received expert testimony in regard to damage to certain lakefront property owned by the Van Wulfen family, who wanted the lake level to be set at 888.8 feet during the winter months. Finding that the lake level had not caused the damage sustained by the Van Wulfen home,[1] the court decided that the slightly higher lake levels were acceptable.

---

[1]The state court was persuaded in reaching this conclusion by the testimony of an engineer, who opined that the damage to the Van Wulfen home was due to the gradual settling of the home, which was mostly caused by the home's not being erected on foundations and the home's being built to a significant extent over peat.

Plaintiff-Appellant Frank Van Wulfen asserts that the lake, at its current level, has caused damage to his lakefront home and surrounding property, such that he is entitled to compensation. Because of this, Van Wulfen filed suit in federal court, alleging violation of the Fifth and Fourteenth Amendments through the County's taking of the Van Wulfen property without just compensation or due process of law and inverse condemnation in violation of the United States and Michigan constitutions. However, before the federal court would consider his takings claims, Van Wulfen was required, pursuant to *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), to bring those claims in state court. *See Van Wulfen v. Montmorency County*, 345 F. Supp. 2d 730, 741-43 (E.D. Mich. 2004). The state court refused to rule on Van Wulfen's claim in regard to the damage to his home, finding the court's causation determination during lake-level proceedings preclusive. The state court received expert testimony on Van Wulfen's claim in regard to the damage to his surrounding property, and held that there was no causal connection between the County's actions in setting the lake level and the damage to the Van Wulfen property. When Van Wulfen returned to federal court for adjudication of his takings claims, the district court found the state court's causation determinations preclusive. *Van Wulfen v. County of Montmorency*, No. 08-10106, 2010 WL 120223, at *6-8 (E.D. Mich. Jan 8, 2010) (unpublished). Thus, the district court granted summary judgment in favor of the County, holding that Van Wulfen could not succeed on his takings claims without proving that the County caused the damage to his property. *Id.* at *5.

After carefully reviewing the record, the law, and the briefs and arguments on appeal, we hold that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts in the record. We only briefly address Van Wulfen's arguments in regard to *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), as they were not considered by the district court. On appeal, Van Wulfen cites *Elliott* for the proposition that state administrative actions, which Van Wulfen alleges the lake-level proceedings were, should not be afforded preclusive effect in federal courts. This is a misstatement of the limited holding from *Elliott*, which is that the Full Faith and Credit Act does not give preclusive effect to unreviewed state administrative factfinding in Title VII claims. *Id.* at 794, 796. This limitation on preclusion with Title VII claims was based on the language of 28 U.S.C. § 2000e-5(b), which made clear that preclusion was inappropriate. *Elliott* went on to hold that the same is not true with 42 U.S.C. § 1983, which is the statute Van Wulfen uses as the basis for his claims. *Elliott*, 478 U.S. at 799 ("[W]hen a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." (alterations in original) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). Thus, even assuming for the sake of argument that the lake-level proceedings can be categorized as state administrative agency proceedings, there is no reason to believe that they cannot have preclusive effect, especially considering that they were clearly judicial in nature. Moreover, because the Full Faith and Credit Act requires federal courts to rely on the preclusive effect a state would give its prior judgments, *see*

28 U.S.C. § 1738, and because *Zerfas v. Bills*, 40 N.W.2d 763 (Mich. 1950), shows that Michigan would give a lake-level determination preclusive effect on future litigation, this court should do the same.

Because the issuance of a full written opinion by this court would serve no useful purpose, we affirm entry of judgment in favor of the County for the reasons set forth in the district court's opinion from January 8, 2010, *Van Wulfen*, 2010 WL 120223.